60 F.3d 829
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America Plaintiff-Appellee,
v.
Jeffrey TURNER, Defendant-Appellant.
 No. 91-2383.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1995.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges; JARVIS, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Jeffrey Turner appeals from his conviction and sentence on various counts of having conspired to possess with intent to distribute marijuana, in violation of 21 U.S.C. Secs. 841(a)(1); having conspired to maintain a place for manufacturing marijuana, in violation of 21 U.S.C. Secs. 846 and 856; and with having conspired to manufacture marijuana, in violation of 21 U.S.C. Sec. 841(a)(1) and 846; and substantive violations of the same statutes.
 
 I.
 
 2
 On October 4, 1990, defendants Jeffrey Turner, his wife Marla Turner, Timothy Longeway, and Brian Vaughn[1] were indicted for their activities related to the hydroponic growing of marijuana at various residences in the Detroit, Michigan, area. The jury convicted defendant Turner on all thirteen counts of the indictment.
 
 
 3
 Although defendants each had separate trial counsel, the same attorney represented Jeffrey Turner, Marla Turner and Brian Vaughn at sentencing. Defendant Turner received a sentence of 151 months. This appeal followed.
 
 II.
 
 4
 Defendant raises ineffective assistance of sentencing counsel. Turner, however, affirmatively waived any conflict of interest prior to sentence. The record reflects that the district court informed all three defendants of the potential conflict and of their right to appointed counsel in accordance with Fed. R. Crim. P. 44(c), and that defendant made a knowing, intelligent, and voluntary waiver of his right to conflict-free counsel. (Turner, J.A. 110-14.) See United States v. Straughter, 950 F.2d 1223, 1233-34 (6th Cir. 1991), cert. denied, 503 U.S. 948 (1992).
 
 
 5
 Turner also claims that sentencing counsel rendered ineffective assistance by failing to contest defendant's role in the offense, by failing to object to the relevant conduct as to the amount of marijuana plants attributable to defendant, and by failing to challenge whether those marijuana plants were indeed "plants" within the definition of the guidelines. In general, "a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." United States v. Wunder, 919 F.2d 34, 37 (6th Cir. 1990) (per curiam) (citation omitted). See also United States v. August, 984 F.2d 705, 711 (6th Cir. 1992) (per curiam), cert. denied, 114 S. Ct. 158 (1993). Because the record is not sufficiently developed to allow this court to evaluate defendant's claims, the appropriate course at this juncture is a post-conviction proceeding under 28 U.S.C. Sec. 2255. See Wunder, 919 F.2d at 37.
 
 
 6
 In sum, defendant's judgment of conviction and sentence is AFFIRMED.
 
 
 
 *
 The Honorable James H. Jarvis, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Defendant Longeway entered into a conditional guilty plea prior to trial. Defendant Marla Turner signed the notice of appeal, but has not further pursued an appeal. Defendant Vaughn's appeal was dismissed by this court due to district court's grant of his Sec. 2255 [28 U.S.C. Sec. 2255] motion